**BRYAN S. WESTERFELD (S.B.# 218253)**
bwesterfeld@walravenlaw.com
**JESSICA B. HARDY (S.B.# 246377)**
jbh@walravenlaw.com
**NICOLE E. WURSCHER (S.B.# 245879)**
new@walravenlaw.com
**WALRAVEN & WESTERFELD LLP**
20 Enterprise, Suite 310
Aliso Viejo, California 92656
Telephone:  (949) 215-1990
Fax:  (949) 215-1999

Attorneys for Defendant
UnitedHealthcare Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DANIEL TORRES, EMSURGCARE, and EMERGENCY SURGICAL ASSISTANT,

                    Plaintiffs,

v.

UNITEDHEALTHCARE INSURANCE CO., DOES 1-10, inclusive,

                    Defendants.

Case No.  2:23-cv-01533-KK-SK

**DEFENDANT UNITEDHEALTHCARE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.    ARGUMENT..........................................................................................1

    A.    Plaintiff fails to address the KSEA Plan's three-year contractual
        limitations period..........................................................................1

    B.    The KSEA Plan's grant of discretion to United is valid; Cal. Ins.
        Code § 10110.6 does not apply ....................................................3

    C.    Plaintiff provides no excuse for his failure to exhaust
        administrative remedies................................................................5

    D.    Plaintiff fails to demonstrate that the terms of the KSEA Plan
        required United to negotiate Medical Providers' bills ...................5

    E.    Plaintiff has not adequately pled or demonstrated from the record
        that United is a "health care service plan" subject to the Knox-
        Keene Act ....................................................................................8

    F.    Plaintiff's request for reconsideration of denial of his motion to
        amend the pleadings is improper and unsupported .....................10

III.    CONCLUSION ...................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abatie v. Alta Health & Life Ins. Co.*,
    458 F.3d 955 (9th Cir. 2006) (en banc ..............................................................3

*Ata Mazaheri, M.D., Inc. v. UnitedHealthcare Insurance Co., Inc.*,
    No. CV 23-0865-MWF (SKx), 2023 WL 5167362 (C.D. Cal. Jul. 10, 2023).......9

*Bain v. United Healthcare Inc.*,
    No. 15-cv-03305-EMC, 2016 WL 4529495 (N.D. Cal. Aug. 30, 2016) ..............4

*Brand Tarzana Surgical Institute, Inc. v. Aetna Life Insurance Company*,
    541 F. Supp. 3d 1031 (C.D. Cal. 2021).............................................................2, 3

*Brian H. v. Blue Shield of California*,
    No. 17-cv-03095-MMC, 2018 WL 5778318 (N.D. Cal. Nov. 1, 2018) ...............4

*Firestone Tire & Rubber Co. v. Bruch*,
    489 U.S. 101 (1989) ............................................................................................3

*Greiff v. Life Ins. Co. of N. America*,
    386 F. Supp. 3d 1111 (D. Ariz. 2019)......................................................... 6, 7, 8

*Hernandez v. Coca-Cola Company*,
    No. 23-CV-03889-RGK-MAA, 2023 WL 8634098 (C.D. Cal. Nov. 14, 2023) ...2

*In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare*,
    No. SACV 19-2075 JVS (DFMx), 2023 WL 2808747 (C.D. Cal. Jan. 13, 2023).2, 3

*Kona Enterprises, Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000).............................................................................10

*Mahlon D. v. Cigna Health & Life Ins. Co.*,
    291 F. Supp. 3d 1029 (N.D. Cal. 2018).............................................................4

*Namdy Consulting, Inc. v. UnitedHealthcare Ins. Co.*,
    No. 18-01283-RSWL-KS, 2019 WL 1470849 (C.D. Cal. Apr. 3, 2019) ..............9

*Talbot v. UnitedHealthcare Insurance Co.*,
    No. 2:23-cv-06137-SB-PVC, 2024 WL 847960 (C.D. Cal. Feb. 16, 2024)......6, 9

**Statutes**

Cal. Health & Safety Code §§ 1343(e) ........................................................................9

Cal. Ins. Code § 10110.6........................................................................................3, 4

Cal. Ins. Code § 10111...............................................................................................4

**Regulations**

29 C.F.R. § 2560.503-1(b)(4) ...................................................................................5

# I.    INTRODUCTION

Although Plaintiff bears the burden to affirmatively show that he is entitled to recover benefits under ERISA § 502(a)(1)(B), Plaintiff's Motion for Judgment on the Administrative Record ("Plaintiff's Motion") wholly fails to address:

- Plaintiff's failure to file this action within the KSEA Plan's three-year contractual limitations period;
- Plaintiff's failure to exhaust administrative remedies;
- The optional nature of the Plan provision allowing United to negotiate the Plan's reimbursement amount with a medical provider; and
- United's regulation by the California Department of Insurance and the inapplicability of the Knox-Keene Act as a basis for determining "an amount permitted by law" under the Plan.

In addition, Plaintiff urges the Court to apply the wrong standard of review, based on an inapplicable California statute that voids discretionary clauses in "disability insurance" policies, and attempts to revisit the Court's denial of his motion to amend the pleadings based on the same evidence Plaintiff previously cited in support of that motion.  As demonstrated in United's Motion for Judgment on the Administrative Record ("United's Motion") and as further explained below, Plaintiff cannot demonstrate any entitlement to additional benefits under ERISA.  Judgment should be granted in favor of United.

# II.    ARGUMENT

### A.    Plaintiff fails to address the KSEA Plan's three-year contractual limitations period

As detailed in United's Rule 52 motion, Plaintiff's claim for benefits under ERISA § 502(a)(1)(B) is barred by the KSEA Plan's unambiguous three-year contractual limitations period.  (United's Motion at 14-16.)  Plaintiff does not dispute this in his brief.  Plaintiff's only mention of the limitations period is in a footnote, noting that the limitations period is not mentioned in any of the

explanations of benefits ("EOBs") or other written communications to Plaintiff
about his claims.  Nothing in ERISA, however, requires special notice of a
contractual limitations period outside the terms of the plan itself.  *See Hernandez v.
Coca-Cola Company*, No. 23-CV-03889-RGK-MAA, 2023 WL 8634098 (C.D. Cal.
Nov. 14, 2023) (appeal filed) (dismissing ERISA benefits claim based on contractual
limitations period despite claim of lack of notice to plaintiff).

In *Hernandez*, the plaintiff alleged that the two-year contractual limitations
period in her ERISA plan should have been equitably tolled because the claims
administrator did not give her specific notice of the limitations provision.  2023 WL
8634098 at *3.  Rejecting this argument, Judge Klausner found no authority to
support equitable tolling based solely on lack of notice of a contractual limitations
period.  *Id*.  Equitable tolling requires a showing that "extraordinary circumstances"
prevented timely filing of a lawsuit despite "diligent pursuit" by the plaintiff.  *Id*.  In
so ruling, Judge Klausner distinguished two factually inapplicable cases cited by the
plaintiff—*In re Out-of-Network Substance Use Disorder Claims Against
UnitedHealthcare*, No. SACV 19-2075 JVS (DFMx), 2023 WL 2808747 (C.D. Cal.
Jan. 13, 2023), and *Brand Tarzana Surgical Institute, Inc. v. Aetna Life Insurance
Company*, 541 F. Supp. 3d 1031 (C.D. Cal. 2021)—where courts considered
equitable tolling arguments based on claims the insurer failed to give other notices
specifically required by ERISA.

In *In re Out-of-Network*, the court denied summary judgment for the insurer
and found a disputed issue of fact as to the application of equitable tolling where a
provider that had received an assignment of benefits from a patient had not been
given notice of its right, as assignee, to bring a civil action under ERISA.  2023 WL
2808747 at *20-21.  Nothing in *In re Out-of-Network*, however, suggested the
insurer was required to provide specific notice of the contractual limitations period,
only of the right to bring a civil action under ERISA in general.  Notably, the court
found that the notice that had been provided *to the patient* in the patient's EOB *was*

*sufficient* to put the patient on notice of his right to bring a civil action under ERISA. That notice was virtually identical to the notice provided to Plaintiff here in the EOBs issued to him by United. *Compare id.* at *21 (finding language that patient had "right to file a civil action under ERISA if all required reviews of your claim have been completed" sufficient to meet ERISA standards) *with* (AR at UHIC_0000226, 0000298) (EOB to Plaintiff giving notice of "right to bring a civil action under Section 502(a)(1) of the Employee Retirement Income Security Act if all required reviews have been completed and the claim has not been approved").

Similarly, in *Brand Tarzana*, the court applied equitable estoppel principles to disregard a contractual limitations period where the insurer failed to give notice to a provider, which had accepted an assignment of benefits from the patient, of plan appeal procedures and the general right to sue under ERISA, notices that ERISA expressly requires. 541 F. Supp. 3d at 1038. Because of these failures, the court found that the contractual limitations period was never actually triggered. *Id.* At no point did the Court suggest that ERISA requires an insurer or claims administrator to specifically identify the contractual limitations period in an adverse benefit determination or other communication with a plan member. *Id.*

**B.    The KSEA Plan's grant of discretion to United is valid; Cal. Ins. Code § 10110.6 does not apply**

Plaintiff does not dispute that the ERISA plan at issue unambiguously grants discretion to United to interpret the terms of the plan. (AR at UHIC_0000168.) Nor does he dispute that such grants of discretion require courts to review the denial of a claim only for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962-64 (9th Cir. 2006) (en banc).

Instead, Plaintiff argues that *de novo* review applies because California Insurance Code § 10110.6 voids the use of discretionary clauses in insured health plans. This argument is contrary to the language of § 11010.6 itself, which states the

discretionary ban applies only to "a policy … that provides or funds … *disability insurance* coverage for any California resident…" (emphasis added). "Disability insurance is designed to provide a substitute for earnings" and is "meant to insure against the loss of the ability to pursue one's occupation, or to pursue other activities." *Bain v. United Healthcare Inc.*, No. 15-cv-03305-EMC, 2016 WL 4529495, at *7 (N.D. Cal. Aug. 30, 2016) (citations omitted). It is "keyed to the beneficiaries' inability to work" and "benefits are designed to substitute income." *Id*. (citing Cal. Ins. Code § 10111). Health insurance, by contrast, is fundamentally different. It is intended to "reimburse[] for the cost of health care services." *Id*. at *9.

In *Bain*, the court specifically considered the application of § 10110.6 to a health insurance plan and held that "the statute is not ambiguous"; "Section 10110.6 is expressly limited to 'life insurance or disability insurance.'" Id. at *7. The court emphasized that "[t]he insurance benefits sought by [the plaintiff] are not for lost income resulting from [plaintiff's] inability to work, but for reimbursement for the cost of health care services." *Id*. at *8. As a result, "[b]ecause [plaintiff] do[es] not claim under a disability or life insurance policy, Section 10110.6 does not void the discretionary clause in the Plan." *Id*. at *8-9; see also *Brian H. v. Blue Shield of California*, No. 17-cv-03095-MMC, 2018 WL 5778318, at *1 (N.D. Cal. Nov. 1, 2018) (same).

United recognizes that one court has held, contrary to *Bain*, that § 10110.6 applies to health insurance policies and voids the application of a discretionary clause. *See Mahlon D. v. Cigna Health & Life Ins. Co.*, 291 F. Supp. 3d 1029, 1033 (N.D. Cal. 2018) (holding that "health insurance" is included within the definition of "disability insurance"). The weight of authority, however, is that § 10110.6 does not apply to health insurance policies like the one at issue in this action. *See Brian H.*, 2018 WL 5778318 at *1 (finding "the reasoning set forth in *Bain* more persuasive" than the reasoning in *Mahlon*).

### C. **Plaintiff provides no excuse for his failure to exhaust administrative remedies**

As explained in United's Motion, Plaintiff failed to submit a valid administrative appeal as to any of the three claims at issue. (United's Motion at 11-12, 22-23.) Plaintiff does not plead in the FAC or contend in his motion that he was somehow prevented from filing an administrative appeal or that exhausting his administrative remedies would have been futile. As such, his claim for benefits under ERISA § 502(a)(1)(B) must be dismissed for failure to exhaust administrative remedies. (*Id.*)

Rather than attempt to excuse his failure to exhaust administrative remedies, Plaintiff simply assumes that administrative remedies were exhausted based on the two letters submitted by Medical Providers purporting to submit administrative appeals on his behalf. Plaintiff ignores, however, that United responded to these "appeals" with letters requiring a written authorization from Plaintiff and providing a specific form for that purpose. United's request for written authorization was consistent with ERISA regulations. *See* 29 C.F.R. § 2560.503-1(b)(4) (allowing a plan to use "reasonable procedures for determining whether an individual has been authorized to act on behalf of a claimant"). It is undisputed Medical Providers never submitted such an authorization. As a result, the Plan's appeal procedure was never exhausted.

### D. **Plaintiff fails to demonstrate that the terms of the KSEA Plan required United to negotiate Medical Providers' bills**

The key Plan language at issue, which provides that "Eligible Expenses are an amount negotiated by us or an amount permitted by law," allows but does not require United to negotiate "Eligible Expenses" under the Plan. (United's Motion at 18-19.) Plaintiff does not address the plain meaning of this text or Judge Blumenthal's very recent ruling—in a case involving the same medical providers and plaintiff's counsel—that nearly identical language did not create an affirmative

requirement to negotiate.  *See Talbot v. UnitedHealthcare Insurance Co.*, No. 2:23-cv-06137-SB-PVC, 2024 WL 847960, *6-7 (C.D. Cal. Feb. 16, 2024).

Instead, Plaintiff argues that United's efforts to discourage Medical Providers from balance billing Plaintiff for the difference between the Eligible Expenses and Medical Providers' exorbitant billed charges somehow created an additional benefit under the Plan requiring United to negotiate.  (*See* Plaintiff's Motion at 13 ("The Plan language *along with these representations* demonstrates that Defendant had an obligation to resolve Plaintiff's medical bills with Medical Providers" (emphasis added))).  Plaintiff provides no authority for expanding the terms of an ERISA plan to include statements in post-claim correspondence, and there is no basis for such an assertion.  The KSEA Plan clearly defines the documents that constitute the Plan to include the group policy, the certificate of coverage, the enrolling group's application, riders, and amendments.  (AR at UHIC_0000032.)  It does not include post-claim correspondence.  *See Greiff v. Life Ins. Co. of N. America*, 386 F. Supp. 3d 1111, 1115 (D. Ariz. 2019) (finding claim denial letters "cannot constitute terms of the Plan" where they are "not among the documents that the Plan specifies as being part of the contract").

Moreover, Plaintiff misprepsents several statements in the EOBs and other claim correspondence, none of which alter a plain reading of the terms of the Plan. The Plan provides that United *may* negotiate the Eligible Expenses with a provider; it does not guarantee that United will reach agreement with a given provider or even that it will offer to pay an amount above what it otherwise determines is appropriate under the Plan.  Consistent with the option to negotiate a resolution, United told Plaintiff in EOBs:

> If you're asked to pay more than the deductible, copayment and coinsurance, please call Data iSight at 866-835-4022 or visit dataisight.com.  Data iSight will work with the provider on your behalf. ***If the provider disagrees with Data iSight, the provider might bill you for the difference between the***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***amount billed and the amount allowed.***  We've asked them not to.  Contact us if they do.

(AR at UHIC_0000298 (emphasis added).)

The statement that Data iSight "will work with the provider" cannot reasonably be interpreted as a guarantee that Data iSight will necessarily offer an additional payment, much less that it will reach an agreement with the provider. And United's warning that Plaintiff may be balance billed makes clear the possibility that Data iSight (on behalf of United) and the provider may not reach an agreement.  Contrary to Plaintiff's argument, Data iSight did not ignore Medical Providers' inquiries.  (*See id*. at UHIC_0000547-0000553.)  It simply determined that no offer of additional payment was warranted under the circumstances.  (*Id*.)

Plaintiff would have the Court believe that was the end of the story, but it wasn't.  After Medical Providers reached an impasse with Data iSight, United reached out to both Dr. Rim and Dr. Feiz in letters dated July 21 and 26, 2021, and invited them to submit further information that would justify additional payment:

> After reviewing the amount you have billed for providing services to our member, we have found that you have charged a higher amount than what is typically charged by other health care providers for these services….  In accordance with our normal processes, if you have not previously, you may submit medical records in an attempt to demonstrate that the service was extraordinarily complicated or difficult and warrants a reimbursement amount higher than the Allowed Amount stated on your Provider Remittance Advice.

(AR at UHIC_0000338, 0000352.)  Neither Dr. Rim nor Dr. Feiz responded to this letter, and the operative report for Plaintiff's surgery was never submitted to United.

Also on July 21, 2021, United sent Plaintiff a letter to notify him that it had requested additional information from Medical Providers to support a higher payment amount.  (*Id*. at UHIC_0000341.)  The letter provided contact information (phone and email) for a designated United representative for Plaintiff to call if he

received a balance bill and advised Plaintiff not to pay any such bill in the meantime.
(*Id.*)  This is the last communication with Plaintiff in the Administrative Record.
United never received a response from Plaintiff, and Plaintiff never sent United a
balance bill from his providers.[1]

In sum, United's post-claim correspondence cannot alter, and in any case is
consistent with, the clear terms of the Plan, which make negotiation a non-exclusive
option for determining the amount payable.  There is nothing wrong or misleading
about United making efforts to discourage Medical Providers, whose billing
practices are unconscionable, from balance billing Plaintiff.  To hold otherwise
would only discourage insurers from trying to protect their members from predatory
out-of-network providers.

E.    **Plaintiff has not adequately pled or demonstrated from the record
that United is a "health care service plan" subject to the Knox-
Keene Act**

It is undisputed that the Knox-Keene Act, which is Plaintiff's sole basis for
alleging that United failed to pay "an amount permitted by law" under the Plan,
applies only to statutorily defined "health care service plans" and not to insurance
companies regulated by the California Department of Insurance ("CDI").  Both the
FAC and Plaintiff's motion falsely assume that United is an entity subject to the
Knox-Keene Act.  While Plaintiff's Motion acknowledges in a footnote the
existence of cases expressly finding that United is not subject to the Knox-Keene
Act, he makes no effort to address them.  (Plaintiff's Motion at 12, fn. 8.)  It is

---

[1] In support of his Motion to Amend the Pleadings, Plaintiff submitted copies of
purported balance bills from Medical Providers that are dated ***July 28, 2022***, a full
year after United's last correspondence with Plaintiff.  (Dkt. 55-1 at 440, 515-518.)
These bills were never sent to United and are not part of the Administrative
Record.  They appear to have been designed to facilitate Plaintiff's participation in
this lawsuit, which was initially brought by both Medical Providers and Plaintiff,
who are represented by the same counsel.

1   beyond dispute that United is an insurance company regulated by the CDI, and it

2   borders on bad faith for Plaintiff to continue pursuing, contrary to all facts and

3   evidence, this line of argument.

4          Just six months ago, Judge Blumenthal dismissed a quantum meruit cause of

5   action premised on nearly identical allegations that a United affiliate was a "health

6   care service plan" subject to the Knox-Keene Act. *See Talbot v. UnitedHealthcare*

7   *Insurance Co.*, No. 2:23-cv-06137-SB-PVC, 2023 WL 8191127, *2-3 (C.D. Cal.

8   Oct. 27, 2023). Judge Blumenthal found that "[t]he sole identification in the SAC of

9   UHS as a health care service plan is the passing reference to 'health care service

10   plans such as UHS,'" which was "insufficient to plausibly allege that UHS is subject

11   to the Knox-Keene Act." *Id*. At *2. Similarly, the only reference to United being a

12   health care service plan in the FAC here, is the same passing reference to "health

13   care service plans such as DEFENDANT." (FAC ¶ 20.) That the references are

14   identical is not surprising given that *Talbot* involved the same plaintiff's counsel and

15   same medical providers at issue here.

16          More importantly, the KSEA Plan is replete with statements that United is in

17   fact an insurance company regulated by the CDI. (AR at UHIC_0000009, 0000031,

18   0000079, 0000084, 0000088-0000089, 0000097, 0000440, 0000450.) By contrast,

19   there is nothing in the record to suggest that United is a "health care service plan"

20   regulated by the Department of Managed Health Care. As a CDI-regulated entity

21   subject to the California Insurance Code, United is not subject to the Knox-Keene

22   Act. *Ata Mazaheri, M.D., Inc. v. UnitedHealthcare Insurance Co., Inc.*, No. CV 23-

23   0865-MWF (SKx), 2023 WL 5167362, at *5 (C.D. Cal. Jul. 10, 2023) (citing Cal.

24   Health & Safety Code §§ 1343(e); 1345(f)(1)); *Namdy Consulting, Inc. v.*

25   *UnitedHealthcare Ins. Co.*, No. 18-01283-RSWL-KS, 2019 WL 1470849 *4 (C.D.

26   Cal. Apr. 3, 2019) ("The Court has twice explained that Defendant is not a Health

27   Care Service Plan governed by the Knox-Keene Act, but an Insurance Provider

28

properly registered with the California Department of Insurance and governed by the California Insurance Code.").

**F.    Plaintiff's request for reconsideration of denial of his motion to amend the pleadings is improper and unsupported**

Plaintiff alleges that call notes of communications between Medical Providers and Data iSight suggest that Data iSight "refused to do anything" in response to Medical Provider's inquiries.  (Plaintiff's Motion at 4.)  Based on the existence of these call notes, Plaintiff requests, in a footnote, that the Court reconsider its denial of his motion to amend the pleadings, which sought to add a cause of action for breach of fiduciary duty under ERISA § 502(a)(3).  (*Id*. at fn. 4.)  Later in his brief, Plaintiff further attempts to press this disallowed breach of fiduciary duty claim, arguing that United breached its fiduciary duty to Plaintiff by failing to "take every measure necessary to make [sic] that Plaintiff did not need to pay…."  (*Id*. at 15.)

Reconsideration is an "extraordinary remedy, to be used sparingly" and absent usual circumstances requires "newly discovered evidence, … clear error, or … an intervening change in the controlling law."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Plaintiff appears to contend that the Data iSight call notes are newly discovered evidence that justify reconsideration because they were produced a few days after he filed his motion to amend the pleadings.  Plaintiff neglects to acknowledge, however, that he submitted copies of the very same call notes with his reply brief in support of the motion (see Dkt. 55-2 at 442-443), making the same baseless argument that they evidence a breach of fiduciary duty (Dkt. 55 at 7).  Having fully considered Plaintiff's reply brief and the evidence submitted therewith, the Court properly denied the motion because the alleged facts

1  supporting Plaintiff's proposed claim were known to Plaintiff long before he even

2  filed this action.  (Dkt. 57 at 523.)[2]

3  **III.    CONCLUSION**

4          For all the foregoing reasons, Plaintiff is not entitled to any relief under

5  ERISA.  United therefore respectfully requests that this Court grant judgment in its

6  favor.

7

8  *The undersigned, counsel of record for Defendant UnitedHealthcare Insurance*
   *Company, certifies that this brief contains 3,325 words, which complies with the*
9  *word limit of L.R. 11-6.1.*

10

11   Dated: May 10, 2024                    **WALRAVEN & WESTERFELD LLP**

12

13                                          By: _____

14                                              **Bryan S. Westerfeld**

15                                              Attorneys for Defendant
                                                UnitedHealthcare Insurance
16                                              Company

17

18

19

20

21

22

23

24

25  _____

26  [2] In reality, Plaintiff's request for reconsideration is just a thinly veiled excuse to
    cite a negative newspaper article relating to Data iSight under the guise of asserting
27  United breached a fiduciary duty.  The article is not part of the Administrative
    Record and has no relevance whatsoever to Plaintiff's entitlement to benefits.
28

## Proof of Service

STATE OF CALIFORNIA      )
                         )  ss
COUNTY OF ORANGE         )

      I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 20 Enterprise, Suite 310, Aliso Viejo, CA 92656.

      On May 10, 2024, I served the foregoing document(s) described as

**DEFENDANT UNITEDHEALTHCARE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

on all interested parties in this action as follows (or as on the attached service list):

Jonathan A. Stieglitz       jonathan.a.stieglitz@gmail.com
The Law Offices of Jonathan A.   jonathan@stieglitzlaw.com
Stieglitz                    admin@stieglitzlaw.com
11845 W. Olympic Blvd., Suite 800
Los Angeles, Ca 90064
Tel: (323) 979-2063
Fax: (323) 488-6748

☒     BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on May 10, 2024, at Aliso Viejo, California.

*Lauryn Cornell*
Lauryn Cornell